UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RAHCIEF COLLIER,

                Petitioner,

  v.                                              9:24-CV-1115
                                                        (MAD/DJS)

ERNEST LOWERRE,

                Respondent.

---

APPEARANCES:                                    OF COUNSEL:

RAHCIEF COLLIER
Petitioner, pro se
12-A-5600
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541

MAE A. D'AGOSTINO
United States District Judge

**DECISION and ORDER**

## I.    INTRODUCTION

Petitioner seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, Exhibits.[1] Petitioner unsuccessfully applied to proceed in forma pauperis ("IFP") several times. Dkt. No. 3, First IFP Application; Dkt. No. 4, Administrative Closure Order; Dkt. No. 5, 2d IFP Application; Dkt. No. 7, Decision and Order ("October Order"); Dkt. No. 8, Letter; Dkt. No. 9, Decision and Order ("November Order"). Petitioner ultimately remitted the statutory filing fee, permitting the undersigned to conduct an initial review of the pleading. Dkt. No. 10, Letter; Dkt. Entry dated 11/08/24 (memorializing the receipt information for the filing fee transaction).

---

[1] Citations to petitioner's submissions refer to the pagination generated by CM/ECF, the Court's electronic filing system.

For the reasons outlined below, the petition must be transferred to the Second Circuit.

## II.     PREVIOUS HABEAS PETITIONS

Petitioner has previously filed two habeas petitions in the Northern District of New York. *See Collier v. Uhler et al.*, No. 9:16-CV-0001 (LEK) ("*Collier I*") & *Collier v. Superintendent*, No. 9:18-CV-1104 (JKS) ("*Collier II*").

In *Collier I*, petitioner did not challenge his 2012 criminal conviction; instead, he argued that the undue delay in the appellate process violated his constitutional rights. *Collier I*, 2016 WL 6072404, at *1 (N.D.N.Y. Oct. 17, 2016).[2] This Court considered the merits of petitioner's claim and ultimately determined that his constitutional rights had not been violated, so his petition was denied and the action dismissed. *Id.* at *2-*5; *see also Collier I*, Dkt. No. 18, Judgment.

Petitioner filed a notice of appeal with the United States Court of Appeals for the Second Circuit. *Collier I*, Dkt. No. 19, Notice of Appeal. The Second Circuit ordered that petitioner's appeal be dismissed unless he properly filed a motion for a certificate of appealability with the Second Circuit within a specified amount of time. *Collier I*, Dkt. No. 22, Mandate, at 1. Petitioner failed to timely file the application; thus, the appeal was dismissed.

In *Collier II*, petitioner challenged his 2012 state criminal conviction, pursuant to a jury verdict, for events which occurred in Troy, New York, in Rensselaer County.[3] *Collier II*, 2020 WL 2341062, at *1-*2 (N.D.N.Y. May 11, 2020) (indicating that petitioner was convicted of first-degree assault, four counts of first-degree robbery, two counts of first-degree attempted

---

[2]  *Accord Collier I*, Dkt. No. 17, Decision and Order.
[3]  This action was initially transferred to the Second Circuit, as a successive petition. *Collier II*, Dkt. No. 6, Decision and Order. However, the Second Circuit determined that *Collier II* represented a second, independent action because, unlike *Collier I* where only the delay in appellate process was being challenged, *Collier II* challenged the underlying state court conviction itself. *Collier II*, Dkt. No. 7, Mandate, at 1.

robbery, and criminal use of a firearm).[4]  Specifically, petitioner argued that he was entitled to relief because (1) the verdict was against the weight of the evidence; (2) the prosecutor committed misconduct through improper summation comments; (3) his sentence is harsh and excessive; (4) law enforcement lacked probable cause to arrest him; and (5) trial counsel was constitutionally ineffective for failing to pursue a hearing request surrounding the circumstances of petitioner's arrest.  *Id.* at *2.  While some procedural arguments were also evaluated, each of the five grounds was specifically considered, and denied, on the merits. *Id.* at *3-*12; *see also Collier II*, Dkt. No. 44, Judgment.

Petitioner again filed a notice of appeal with the Second Circuit.  *Collier II*, Dkt. No. 45, Notice of Appeal.  The Second Circuit denied the motion for a certificate of appealability and dismissed petitioner's appeal because he failed to demonstrate his constitutional rights were denied.  *Collier II*, Dkt. No. 48, Mandate, at 1.

### III.    PRESENT HABEAS PETITION

The present petition also challenges petitioner's 2012 state court conviction, pursuant to a jury verdict, in Rensselaer County, for first-degree assault, four counts of first-degree robbery, two counts of first-degree attempted robbery, and criminal use of a firearm.  Pet. at 1-2.  Petitioner indicates that he directly appealed his conviction, as well as collaterally challenged it pursuant to Criminal Procedure Law § 440.10 and a petition for a state writ of habeas corpus.  *Id.* at 2-5.

Petitioner argues that he is entitled to federal habeas relief because (1) his trial and appellate counsel were both constitutionally ineffective when they denied petitioner his right to appeal his judgment of conviction, Pet. at 5-7; (2) petitioner is actually innocent of his first-degree assault conviction, *id.* at 7-8; (3) at his sentencing, petitioner was sentenced to

---

[4]  *Accord Collier II*, Dkt. No. 43, Decision and Order.

duplicitous counts based on lesser included charges which violated his double jeopardy rights, *id.* at 8-10; and (4) petitioner is experiencing harsh and excessive punishment due to daily cyberbullying, *id.* at 10-11.  Petitioner argues that at least some of the information supporting his present claims was not previously available, presumably when he filed *Collier II* in 2018.  *Id.* at 7, 9, 10.

IV.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) restricted the ability of petitioners to file second or successive petitions.  *See* 28 U.S.C. § 2244(a) ("[n]o . . . district judge shall be required to entertain an application for a writ of habeas corpus . . . if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus[.]").  "A petition is second or successive if a prior petition raising claims regarding the same conviction or sentence has been decided on the merits."  *Quezada v. Smith*, 624 F.3d 514, 517-18 (2d Cir. 2010) (internal quotation marks and citations omitted); *see also Adams v. Corcoran*, 416 F. App'x 84, 85 (2d Cir. 2011) ("While not every numerically second petition is considered a second or successive one, a dismissal on the merits . . . renders any subsequent petition second or successive within the meaning of AEDPA.") (internal quotation marks omitted).

In such circumstances, the AEDPA requires individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application.  28 U.S.C. § 2244(b)(1)-(3); *see also* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); N.D.N.Y. L.R. 72.4(c) ("Before a

second or successive application is filed in this Court, the applicant shall move in the Second Circuit Court of Appeals for an order authorizing the district court to consider the application."). The Second Circuit has directed "that when a second or successive petition for habeas corpus relief . . . is filed in a district court without the authorization by th[e Second Circuit] that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to th[e Second Circuit] in the interest of justice pursuant to § 1631[.]" *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996).[5]

Here, petitioner is challenging the same conviction which he previously disputed in his prior habeas action. *Compare* Pet. at 1-2 (contesting his 2012 conviction, pursuant to a jury verdict, from Rensselaer County for assault, robbery, and criminal possession of a weapon) with *Collier II*, 2020 WL 2341062, at *1-*2 (same). Further, the claims in *Collier II* were dismissed on the merits. *Id.* at *3-*12. Accordingly, both prongs of the second or successive petition test have been satisfied.

Because district courts have no jurisdiction to decide successive petitions, the Court is required to transfer this action to the appropriate Court of Appeals so petitioner can receive permission, and this Court can be authorized, to further proceed with the instant action. *Torres*, 316 F.3d at 151-52. Consequently, the Court transfers this action to the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether the petitioner should be permitted to file a second or successive habeas petition in the district court. *Id.*

---

[5] The Second Circuit rested its decision on 28 U.S.C. § 1631 which was intended to "aid litigants who were confused about the proper forum for review." *Liriano*, 95 F.3d at 122. "In determining whether a transfer is in the interests of justice . . . [f]actors militating for a transfer include . . . a finding that the original action was filed in good faith." *Id.* (internal quotation marks and citations omitted). In *Liriano*, the Second Circuit specifically defined an instance of good faith, where the inmate's successive "filing . . . reflect[ed] ignorance concerning the . . . procedural requirements of § 2244(b)(3), rather than an effort to circumvent those requirements." *Id.*

**V.      CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that the Clerk transfer this petition to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether petitioner should be authorized to file a second or successive habeas petition in the district court; and it is further

**ORDERED** that the Clerk serve a copy of this Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  November 15, 2024
            Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge